2019V00614/JW/jw

CRAIG CARPENITO
United States Attorney
By:  JOHN WILSON
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2785
John.Wilson2@usdoj.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 20-** |
| **v.** | : | |
| | : | **VERIFIED COMPLAINT** |
| **61,488 COUNTERFEIT PERFUME BOTTLES,** | : | **FOR FORFEITURE *IN REM*** |
| **Defendants *in rem*** | : | |
| | : | |

Plaintiff, the United States of America, by its attorney, Craig Carpenito, United States Attorney for the District of New Jersey, for its verified complaint (the "Complaint") alleges, upon information and belief, as follows:

## I.    NATURE OF THE ACTION

1.    This is an action to forfeit and condemn to the use and benefit of the United States of America 61,488 counterfeit perfume bottles, consisting of approximately 46,416 bottles bearing the "POLO RED" wordmark, the "POLO PLAYER SYMBOL" design mark, and infringing the "POLO RALPH LAUREN" wordmark held by PRL USA Holdings, Inc., and approximately 15,072 bottles bearing the "MEDUSA HEAD" mark and infringing the "VERSACE" wordmark

held by Gianni Versace S.p.A., which were seized by U.S. Customs and Border Protection ("CBP") on or about June 11, 2018 at the New York/Newark seaport (hereinafter referred to as the "Defendants *in rem*" or the "defendant property").

2.      The Defendants *in rem* are subject to seizure and forfeiture to the United States of America, pursuant to (1) 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21, as merchandise bearing a counterfeit mark imported into the United States of America in violation of 15 U.S.C. § 1124; (2) 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.22, as merchandise bearing a confusingly similar mark imported into the United States in violation of 15 U.S.C. § 1124 and 19 U.S.C. § 1526(a); and (3) 19 U.S.C. § 1595(c)(2)(C) as merchandise attempted to be introduced into the United States of America in violation of 15 U.S.C. § 1124.

## II.      JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4.      Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the District of New Jersey and pursuant to 28 U.S.C. § 1395(b), because the Defendants *in rem* were seized in the District of New Jersey.

5.      The Defendants *in rem* are in the custody of CBP.

## III.      FEDERAL STATUTORY AND REGULATORY BACKGROUND

6.      Federal law provides that no articles of imported merchandise that copy or simulate the name of any domestic manufacturer, copy or simulate a registered mark, or bear a name or trademark calculated to induce the public

to believe that the article is manufactured in the United States shall be admitted to entry at any customhouse of the United States. *See* 15 U.S.C. § 1124.

7. Federal law further prohibits the importation of any goods marked or labeled in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of a person with another person, or as to origin, sponsorship, or approval of goods, services, or commercial activities by another person. *See* 15 U.S.C. §§ 1125(a)(1)(A) & 1125(b).

8. Any merchandise bearing a counterfeit mark imported into the United States must be seized and, in the absence of the written consent of the mark owner, forfeited. *See* 15 U.S.C. § 1127; 19 C.F.R. § 133.21; 19 U.S.C. § 1526(e).

9. Any merchandise bearing a confusingly similar mark imported into the United States may be seized and, in the absence of the written consent of the mark owner, forfeited. *See* 15 U.S.C. § 1124; 19 U.S.C. § 1526(a) & (b); 19 U.S.C. § 1595a(c)(2)(C); 19 C.F.R. § 133.22.

10. Merchandise that is introduced or attempted to be introduced into the United States contrary to law may be seized and forfeited if copyright, trademark, or trade name protection violations are involved, including, but not limited to, violations of 15 U.S.C. §§ 1124, 1125, or 1127. *See* 19 U.S.C. § 1595a(c)(2)(C).

## IV.   **BASIS FOR FORFEITURE**

11.    On or about May 14, 2018, the defendant property entered into the Port of New York/Newark under entry number EB5-15491810.  CBP officers referred the shipment for further investigation of suspected importation of counterfeit trademark-protected perfume.

12.    The CBP Intellectual Property Branch determined that the marks found on the perfume bottles were substantially indistinguishable from protected trademarks. The domestic value of the perfume was determined to be $106,990.00.

13.    The shipment was manifested as 314 cartons of Versace "Eros" perfume and 967 cartons of Ralph Lauren "Polo Red" perfume, for a total of 1,281 cartons of perfume, or 61,488 perfume bottles.  The entry documentation reflected that the perfume bottles were imported from India with the importer of record listed as Sushmaa International, Inc. ("Sushmaa International").

14.    Upon inspection, approximately 46,416 of the perfume bottles bore Ralph Lauren's trademarked "POLO PLAYER" symbol and the wordmarks "POLO RED" and "POLO RALPH LAUREN" in the same font as genuine Polo Red cologne.  The boxes for these perfume bottles had labeling which, in small font and a run-on sentence, stated: "Smart Collection Perfume in this product is a highly concentrated fragrance chosen for this product from the best sources around the world it is not connected with any registered brand our version of."

15.     The disclaimer did not mention that the product "is not connected with any registered brand" until the very end of the run-on sentence.  In fact, the "disclaimer" language begins in a way that does not dispel confusion, but reinforces the connection between the protected marks and the counterfeit products: ". . . this product is a highly concentrated fragrance chosen for this product from the best sources around the world."  Thus, neither the contraindicating "Smart Collection" mark nor the disclaimer effectively dispel any consumer confusion.  The trade dress[1] for these counterfeit bottles is also identical to that of the genuine product.

16.     The "POLO RED" wordmark, "POLO PLAYER SYMBOL" design mark, and "POLO RALPH LAUREN" wordmark are held by PRL USA Holdings, Inc.  PRL USA Holdings, Inc. has registered the marks with the United States Patent and Trademark Office as numbers 4,506,000, 1,212,060, and 1,212,059; U.S. Customs and Border Protection Recordation Numbers TMK 18-00284, 02-00781, and 02-00782.

17.     Upon inspection, approximately 15,072 of the perfume bottles bore a mark that is identical with or substantially indistinguishable from Versace's trademarked "MEDUSA HEAD" symbol on the bottle and the words "VERSE EROS" rather than "VERSACE" on the bottle and box.  The perfume boxes also had labeling which stated "our version of Versace Eros."  There was no descriptive language or disclaimer language on the perfume bottles themselves.

---

[1] "Trade dress" refers to a product's physical appearance, including its size, shape, color, design, and texture.

18.     The "MEDUSA HEAD" design mark and "VERSACE" wordmark are held by Gianni Versace S.p.A.  Gianni Versace S.p.A. has registered the marks with the United States Patent and Trademark Office as numbers 2,980,455 and 2,121,984; U.S. Customs and Border Protection Recordation Numbers TMK 16-00850 and 03-00481.

19.     On or about June 11, 2018, CBP seized the 61,488 perfume bottles at the New York/Newark seaport.

20.     On or about July 25, 2018, CBP sent a copy of the Notice of Seizure pertaining to the defendant property via certified mail to the importer of record, Sushmaa International, ████████████████, South Plainfield, New Jersey 07080.  CBP also advised Sushmaa International that, unless written consent from the trademark holder was obtained, the defendant property would be forfeited and disposed of in accordance with 19 C.F.R. § 133.52.

21.     On or about that same date, CBP also sent notices of the trademark violations to both of the trademark holders associated with the counterfeit perfume bottles.

22.     To date, no written consent from either trademark holder has been submitted to CBP by Sushmaa International.

23.     On August 15, 2018, Sushmaa International filed a claim, through counsel, requesting that this matter be referred to the United States Attorney's Office for the institution of judicial forfeiture proceedings.

## FIRST CLAIM FOR FORFEITURE

### Counterfeit Merchandise

24.   The allegations contained in paragraphs 1 through 23 of this Complaint are incorporated herein and made part hereof.

25.   Because of the foregoing facts, there is sufficient evidence to believe that the Defendants *in rem* are subject to forfeiture to the United States of America, pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.21, as merchandise bearing a counterfeit mark imported into the United States of America in violation of 15 U.S.C. § 1124.

## SECOND CLAIM FOR FORFEITURE

### Confusingly Similar Merchandise

26.   Incorporated herein and made part hereof are allegations contained in paragraphs 1 through 23 of this Complaint.

27.   Based on the foregoing facts, there is sufficient evidence to believe that the Defendants *in rem* are subject to forfeiture to the United States of America, pursuant to 19 U.S.C. § 1526(e) and 19 C.F.R. § 133.22, as merchandise bearing a confusingly similar mark imported into the United States of America in violation of 15 U.S.C. § 1124 and 19 U.S.C. § 1526(a).

## THIRD CLAIM FOR FORFEITURE

### Merchandise Introduced Contrary to Law

28.   Incorporated herein and made part hereof are allegations contained in paragraphs 1 through 23 of this Complaint.

29.    Based on the foregoing facts, there is sufficient evidence to believe that the Defendants *in rem* are subject to forfeiture to the United States of America, pursuant to 19 U.S.C. § 1595a(c)(2)(C), as merchandise attempted to be introduced into the United States of America in violation of 15 U.S.C. § 1124.

**WHEREFORE**, the United States of America requests that the Clerk of the Court issue a warrant for the arrest and seizure of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants to the property; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and that the Court grant such other and further relief it deems proper and just.

Dated: May 14, 2020

CRAIG CARPENITO
United States Attorney

*s/ John Wilson*

By: JOHN WILSON
Assistant United States Attorney

## **VERIFICATION**

I, Gabriel Richardson, hereby verify and declare under penalty of perjury that I am an officer with U.S. Customs and Border Protection ("CBP"), and in that capacity have responsibility for this action; that I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true to the best of my own knowledge, information, and belief.

The sources of my knowledge and the grounds of my belief include the official files and records of CBP and other law enforcement agencies; information obtained directly by me; and information supplied to me from and by other law enforcement officials, during an investigation of alleged violations of 15 U.S.C. § 1124 and 19 U.S.C. § 1526.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. § 1746.

Dated this 13th day of May, 2020

Gabriel Richardson
CBP Officer
U.S. Customs and Border Protection

2019V00614/JW/jw
CRAIG CARPENITO
United States Attorney
By:  JOHN WILSON
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: 973.645.2700
John.Wilson2@usdoj.gov


## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Hon.** |
| **Plaintiff,** | : | **Civil Action No. 20-** |
| **v.** | : | |
| **61,488 COUNTERFEIT PERFUME BOTTLES,** | : | **WARRANT FOR ARREST _IN REM_** |
| | : | |
| **Defendants _in rem._** | : | |
| | : | |


**TO ANY AGENTS OR OFFICERS OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY, U.S. CUSTOMS AND BORDER PROTECTION, AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

WHEREAS, a Verified Complaint for Forfeiture _in Rem_ has been filed on May 14, 2020 in the United States District Court for the District of New Jersey, alleging that the defendant property, namely 61,488 counterfeit perfume bottles, is subject to seizure and forfeiture to the United States for the reasons set forth in the Complaint;

WHEREAS, the defendant property is currently in the possession, custody, or control of the United States;

WHEREAS, in these circumstances, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal

Rules of Civil Procedure (the "Supplemental Rules"), directs the Clerk of the Court to issue a Warrant for Arrest *in Rem* for the defendant property; and

WHEREAS, Rule G(3)(c)(i) of the Supplemental Rules provides that the Warrant for Arrest *in Rem* must be delivered to a person or organization authorized to execute it, who may be an agent or officer with the United States Department of Homeland Security or any other United States officer or employee; someone under contract with the United States; or someone specially appointed by the court for that purpose;

YOU ARE, THEREFORE, HEREBY COMMANDED to take such steps as are necessary to arrest and detain the defendant property, including, if appropriate, serving a copy of this warrant on the custodian in whose possession, custody, or control the property is currently found; and

YOU ARE FURTHER COMMANDED to use whatever means may be appropriate to protect and maintain the defendant property in your custody until further order of this Court.

IN WITNESS WHEREOF, I, the Clerk of the United States District Court for the District of New Jersey, have caused the foregoing Warrant for Arrest *in Rem* to be issued pursuant to Rule G(3)(b)(i) of the Supplemental Rules.


Dated: _____          _____
                                Clerk of the Court


                        By:     _____
                                Deputy Clerk


-2-

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | 61,488 counterfeit perfume bottles |

**(b)** County of Residence of First Listed Plaintiff _____  
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____  
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*  
John Wilson Assistant U.S. Attorney  
United States Attorney's Office, 970 Broad St., Suite 700  
Newark, New Jersey 07102    Tel.: (973) 645-2785

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:  
19 U.S.C. § 1526; 19 U.S.C. § 1595a  
Brief description of cause:  
Forfeiture of property related to trademark violations

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:  
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE  
05/14/2020

SIGNATURE OF ATTORNEY OF RECORD  
/s/ John Wilson

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

| Print | Save As... | Reset |